PAGE *v.* POLK.

4-4179

Opinion delivered December 16, 1935.

Carl E. Bailey, Attorney General, and J. F. Koone, Assistant, for appellant.

C. L. Polk, Jr., for appellees.

Henry H. Rightor, Jr., amicus curiae.

Humphreys, J. This is a suit by appellee, a common school district, to enjoin appellant, the State Treasurer, from crediting all the tobacco tax (cigar and cigarette tax) now being collected, to the State Equalizing Fund until said fund shall receive one-half of the amount to which it and the common school fund are entitled in equal parts under the provisions of act 152 of the Acts of the General Assembly of 1929 as amended by act No. 19 of the Acts of the General Assembly of 1931.

It was alleged in the complaint that appellant was unlawfully and wrongfully diverting moneys received from the cigar and cigarette tax to the Equalization Fund instead of dividing the tax on a fifty-fifty basis under said act in violation of §§ 11 and 12 of article 16 of the Constitution of the State of Arkansas.

Appellant filed an answer denying the material allegations of the complaint, and the cause was tried upon an agreed statement of facts, which is as follows:

"It is agreed by and between the parties hereto that the defendant herein has, since the first of the year 1935, credited the Equalizing Fund with all moneys arising from the taxes imposed by act 152 of 1929 and act 19 of 1931, less one-ninth of the moneys arising from the tax on cigarettes; that, as a result of said action by defendant in failing to credit the common school fund with fifty per cent. (50%) of said moneys since that date, the Helena School District No. 1, one of the plaintiffs herein, has failed to receive approximately the sum of $3,331.46, which it would have received had said defendant divided

said moneys equally between the common school fund and the Equalizing Fund; that both plaintiffs are entitled to bring and prosecute this action; that said district will not receive several thousand dollars under the present action of defendant which it would receive should said defendant divide said moneys equally between said funds hereafter, the loss of plaintiff being approximately $375 per month so long as the present action of defendant is continued.

"It is further agreed that the sum of moneys collected under the above-mentioned acts and credited to the common school fund and the equalization fund from March 20, 1929, until September 30, 1935, is $5,397,763.97; that of said sum $3,747,047.59 has been placed to the credit of the common school fund and $1,650,715.38 to the credit of the equalization fund; that approximately the sum of $100,000 has been received by plaintiff school district in excess of what it would have received had said moneys been at all times divided equally between said funds; that defendant intends to place all of said moneys to the credit of the equalization fund until the amount credited to said fund equals that credited to the common school fund and thereafter to divide said moneys equally between said funds."

The trial court permanently enjoined appellant, Treasurer of the State of Arkansas, from placing to the account of the equalization fund all of the moneys received from the taxes on cigars and cigarettes until a parity shall exist between the two funds, from which is this appeal.

The object of the creation of the State Equalization Fund was to help and aid needy school districts in Arkansas, and the levy of tobacco taxes in this State was made to furnish means to both this fund and the common school fund in equal parts in order that all school districts in the State might function, and especially the needy ones.

The clear and unequivocal intention of act 152 of the Acts of 1929 and the amendatory act of 1931 was that, after setting aside one-ninth of all the moneys collected from the cigarette tax for buildings for schools of higher.

education, the balance collected from that and other tobacco taxes should be equally divided by the State Treasurer between the common school fund and the State Equalizing Fund.

Paragraph B of § 29 of act 152 of 1929, as amended, reads as follows: "B. The State Treasurer shall place all remaining money coming into his possession on account of the sale of the tax stamps and permits and all other revenue under the provisions of this act to account as follows:

" '1. The first seven hundred fifty thousand dollars ($750,000) to the common school fund; and

" '2. The next seven hundred fifty thousand dollars ($750,000) to the State Equalizing Fund; and

" '3. All the remainder of such revenue shall be credited fifty per centum. (50%) to said common school fund and fifty per centum. (50%) to said State Equalizing Fund.' "

It is obvious from reading the statute that the levy is a continuing one, and the duty is imposed by the act upon the Treasurer of the State of Arkansas, whoever he might be, to divide the remainder of the money derived from the levy for an unlimited time or as long as the levy stands between the common school fund and the State Equalizing Fund. The moneys derived from the continuing levy cannot be denominated as appropriations of certain and definite amounts to either fund for a definite period of time, and are not governed and controlled by §§ 11 and 12 of article 16 of the Constitution of Arkansas, which are as follows:

"Article 16, § 11: No tax shall be levied except in pursuance of law, and every law imposing a tax shall state distinctly the object of same; and no money arising from a tax levied for one purpose shall be used for any other purpose.

"Section 12: No money shall be paid out of the treasury until the same shall have been appropriated by law, and then only in accordance with said appropriation."

Maintaining the parity between the two funds in the division of moneys derived from the levy cannot be, in

any sense, regarded as a diversion of a tax levied for one purpose to another purpose, and the Treasurer, in so doing, did not violate the Constitution. The Treasurer of the State, irrespective of who he has been, has allowed these moneys to get out of balance on a basis of a fifty-fifty division, and can and should balance the two funds out of moneys derived, and being derived from the continuing levy. No other action on the Treasurer's part would work a just and equitable result as between the two funds, and not destroy the intent of the Legislature.

The decree, granting a permanent injunction, is therefore reversed, and the cause is dismissed.

Justices Smith, McHaney and Butler, dissent.